BARNETTE, Judge.
Plaintiff sustained an injury, consisting of a severely lacerated left shin, when he accidentally stepped into an open hollow piling while in the course of his employment as an ironworker on a construction site. The defendant, compensation insurer of the employer, Dixie Welding and Metal Works, Inc., paid compensation for a period of six weeks, aggregating $210 and all medical expenses incurred during the five weeks of treatment.
This suit was brought for additional payment of $35 per week compensation for a total of 400 weeks based on plaintiff’s allegation that he is totally and permanently disabled as a result of the aforesaid injury from performing the duties of his trade or employment as an ironworker. He also seeks a judgment for attorney’s fees in the amount of $5,000 as penalty for arbitrary and capricious refusal of defendant to pay compensation beyond six weeks. From a judgment for defendant rejecting plaintiff’s demands and dismissing his suit, he has appealed.
Since 1950, plaintiff has been a regular employee of the New Orleans Police Department. From 1938 until becoming regularly employed as a policeman, he was engaged in ironwork, and he still maintains an active membership in the ironworkers local union. During vacations and other times not in conflict with his duties as a police officer, he has had extra employment as an ironworker to supplement his policeman’s salary. His weekly wages as an ironworker exceeded $200.
At the time of his injury, August 13, 1963, he had been employed as an ironworker about two and a half weeks. This was the only employment as an ironworker he had in 1963. He had none in 1962 and very little the two preceding years. After discharge by the doctor following his injury, he returned to his police duties and has worked regularly during off-hours as a special officer at a large supermarket.
There is no question that plaintiff was injured in the course of his employment as an ironworker and that compensation was due him at the rate of $35 per week during the period of his disability. The question is whether or not as a result of the injury he is disabled permanently from performing the labor of an ironworker. There is no disability which interferes with his continued employment as a police officer.
The plaintiff testified that he is an iron-worker by trade and that it was his intention after retirement from the Police Department to resume employment within his trade. He contends, however, that, because of the injury to his leg and the residual sensitiveness to pressure, he is now unable to climb ironwork structures. Furthermore, he contends that he is unable to work at *871 heights, as required of persons of his trade, because consciousness of his sensitive leg and fear of its coming into contact with hard surfaces might cause him to fall, further injuring himself or fellow workmen.
Plaintiff seeks to establish his claim for additional compensation on the principle that “ * * * our law does not require a man to do what in his opinion would amount to risking his life in order to prove after an injury that he is entitled to compensation * * * Newsom v. Caldwell & McCann, 51 So.2d 393, 397 (La.App. 1st Cir. 1951). If plaintiff is unable to continue to do the extra-hazardous work required of a steelworker without endangering his own health and Safety and that of his fellow employees, he is totally disabled and entitled to full compensation for as long as the disability continues. Brannon v. Zurich Gen. Acc. & Liab. Ins. Co, 224 La. 161, 69 So.2d 1 (19S3); Veillion v. Knapp & East, 1S8 So.2d 336 (La.App. 3d Cir. 1963); Viator v. Hub City Contractors, Inc, 116 So.2d 878 (La.App. 1st Cir. 1959); Pohl v. American Bridge Div. United States Steel Corp, 109 So.2d 823 (La.App. Orleans 1959); Borders v. Lumbermens Mut. Cas. Co, 90 So.2d 409 (La.App. 1st Cir. 1956); Newsom v. Caldwell & McCann, supra. Plaintiff’s statement of the legal principle is correct. However, the district judge,' as shown in his written reasons for judgment, found that plaintiff had failed to establish that his injury rendered him unable to do the work required of an ironworker. The burden of proof was on the plaintiff to establish his claim by a preponderance of the evidence. Guillory v. New Amsterdam Cas. Co, 244 La. 225, 152 So.2d 1 (1963).
Four doctors testified on the trial of the case, and we have carefully reexamined their testimony and are unable to find any statement therein which convinces us that the plaintiff is disabled from continuing his employment either as a policeman or as an ironworker. The doctors are in agreement that the plaintiff has a large V-shaped scar on his left shin as a result of the accident and that the area is to some degree sensitive to pressure. None of them, however, find any reason to believe that the injury is of such a nature as to incapacitate him.
We are fully cognizant of the well-established principle in our jurisprudence that a permanent disability may result from a traumatic neurosis and of the application of this principle in many cases where objective symptoms were negative. In Pohl v. American Bridge Div. United States Steel Corp., supra, it was applied to the case of an ironworker who, because of a traumatic neurosis, was unable to work at great heights. Plaintiff here seeks to invoke this principle and relies strongly on the Pohl case.
This principle of law must be applied with caution in the absence of some supporting objective symptoms, lest serious abuse result. This does not mean that the claimant must prove his case beyond a reasonable doubt, but he must do so by a preponderance of the evidence.
None of the doctors who examined plaintiff and testified have expressed any opinion upon which we can base a recovery on the theory of a traumatic neurosis. Dr. Richard W. Levy, neurosurgeon, to whom Dr. F. J. Padua directed Mr. Sanderson as an expert in the field of neurosurgery, was of the opinion that he was not disabled.
We agree with the trial judge that the plaintiff has failed to establish his claim by a preponderance of the evidence. There is no error in the judgment appealed from.
For these reasons, the judgment rejecting plaintiff’s demands and dismissing his suit is affirmed at his cost.
Affirmed.